## PEOPLE *v.* LANE.

1. PERJURY—INFORMATION—AVERMENT OF STATUTE.

   An information for perjury which is full and explicit in alleging the offense, and contains a general averment that it was "contrary to the statute in such case made and provided," is not rendered bad by an erroneous citation of the section of the statute under which the offense is charged.

2. JUSTICES OF THE PEACE—COMPLAINT—FAILURE TO SIGN JURAT—JURISDICTION.

   1 Comp. Laws 1897, § 1020, provides that, on complaint made to a justice of the peace that one of certain specified offenses has been committed within the county, he shall examine the complainant under oath, reduce the complaint to writing, and cause it to be subscribed by the complainant, and that he may issue a warrant thereon for the arrest of the accused.

*Held,* that a justice had jurisdiction to issue a warrant of arrest on a complaint charging an assault, though he failed to sign the *jurat* of the complaint, where it appeared that he had examined the complainant under oath touching the matters referred to in the complaint, and had sworn him thereto.

3. SAME—JURY—CONSTITUTIONAL LAW.

Const. art. 6, § 28, authorizes the trial of a criminal offense by a jury of less than 12 men in courts not of record; 1 Comp. Laws 1897, § 1024, permits the accused to waive a jury in justice's court; and section 1026 prescribes the manner of impaneling a jury in such court, and declares that such jury shall consist of not less than 6 persons. *Held,* that section 1026 relates solely to the selection of the jury, and does not preclude a respondent from consenting to a trial by a jury of 4 persons.

Exceptions before judgment from Livingston; Smith, J. Submitted May 1, 1900. Decided May 18, 1900.

William Lane was convicted of perjury. Affirmed.

*B. T. O. Clark* and *William P. Van Winkle,* for appellant.

*Louis E. Howlett,* Prosecuting Attorney, for the people.

LONG, J. Respondent was convicted of perjury. The information charged the offense as having been committed while respondent was a witness in a case before a justice of the peace in which his brother was on trial before the justice for assault and battery. The information, after describing the offense with great particularity, concluded as follows:

"The said Louis E. Howlett, prosecuting attorney as aforesaid, does say that the said William Lane, on, to wit, the 30th day of December, 1898, in the county aforesaid, before the said William M. Power, justice of the peace aforesaid, and before the jury duly impaneled and sworn to try the issue there joined, by his own act and consent, and of his own most wicked and corrupt mind, in manner and form aforesaid, falsely and wickedly, willfully and

corruptly, did commit willful and corrupt perjury, contrary to section 9236 of Howell's Annotated Statutes of the State of Michigan, and contrary to the statutes in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

It appears that the wrong section of the statute was referred to. The section under which the offense might have been charged is 9235. It was not necessary to refer in the information to any particular section. A general reference to the offense as "contrary to the statutes in such case made and provided" is sufficient. The information is full and explicit in all its allegations, and sufficient to warrant a conviction for the crime of perjury, under section 9235. It is evident that counsel for respondent were not misled by the wrong section being placed in the information. It was mere surplusage.

It is next contended that the justice had no jurisdiction to issue a warrant in the assault and battery case, or to try the case, because there was no sworn complaint as a basis therefor. It appears that the *jurat* to the complaint had not been signed by the justice. He testifies that he swore the complaining witness to the complaint. The complaining witness also testifies that he was sworn thereto. It is evident from the complaint and the testimony that the justice examined the complaining witness on oath touching the matters referred to in the complaint. This is sufficient, under section 1020, 1 Comp. Laws 1897.

It is contended that the trial of the assault and battery case before a jury of only 4 persons was in violation of law, and that perjury cannot be predicated upon testimony given on the trial. The Constitution of the State provides that a jury in courts not of record may consist of less than 12 men. Section 28, art. 6. The respondent might entirely waive a trial by jury (1 Comp. Laws 1897, §§ 1024, 1026), and hence could consent to a trial by less than 6 men.

It is claimed, however, that inasmuch as section 1026 provides, "nor shall the jury consist of less than six per-

sons," respondent could not be tried by a less number. That section provides for the method of impaneling a jury in justice's court, and the language above employed has reference solely to the selection of the jury.

Some questions are raised in reference to the admission of testimony and the refusals of the court to charge as requested. We have examined those questions, and find no error.

The conviction must be affirmed.

The other Justices concurred.