HOLMES v MICHIGAN CAPITAL MEDICAL CENTER
MALINOWSKI v SELZNICK

Docket Nos. 217826, 217975, 218240, 218270. Submitted June 13, 2000, at Lansing. Decided October 10, 2000, at 9:05 A.M.

Michael C. Holmes, as personal representative of the estate of Karen Holmes, brought an action in the Ingham Circuit Court against Michigan Capital Medical Center and other defendants, alleging medical malpractice relating to medical care the defendants provided to the decedent. The complaints in the first two actions were accompanied by unsworn affidavits of merit and were dismissed without prejudice. In the third action, in which the complaint was accompanied by a sworn affidavit of merit, the defendants moved for summary disposition, arguing that the action was barred by the statute of limitations inasmuch as the limitation period had expired by the time of the third action because the period was not tolled with the filing of the complaint and the unsworn affidavit of merit in the first action. The court, Carolyn Stell, J., denied the motions. The defendants separately appealed by leave granted.

Regina Malinowski and Raymond Malinowski, Jr., brought an action in the Wayne Circuit Court against Thomas Selznick, D.O., and Livonia Family Physicians, P.C., alleging medical malpractice. The complaint was filed within the statutory period of limitation, but the affidavit of merit was filed beyond the limitation period. The defendants moved for summary disposition, arguing that the action was barred by the statute of limitations. The court, Pamela R. Harwood, J., denied the motion. The defendants appealed by leave granted. The Court of Appeals consolidated the appeals in the Holmes and Malinowski actions.

The Court of Appeals *held*:

1. MCL 600.2912d(1); MSA 27A.2912(4)(1) requires a plaintiff in a medical malpractice action to file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness. An exception to the requirement that the plaintiff file the affidavit of merit with the complaint is provided under MCL 600.2912d(2); MSA 27A.2912(4)(2), which states that for good cause shown a

plaintiff may move for a twenty-eight-day extension for filing of the affidavit.

2. In *Scarsella v Pollak*, 232 Mich App 61 (1998), aff'd 461 Mich 547 (2000), the Court of Appeals held that a medical malpractice complaint filed without an affidavit of merit is insufficient to commence the lawsuit for purposes of tolling the period of limitation.

3. The Malinowski action is time-barred. The plaintiffs in that action failed to comply with MCL 600.2912d; MSA 27A.2912(4) in that they failed to file an affidavit of merit with their complaint or to request an extension of time in which to file their affidavit. The limitation period was not tolled, and it expired before the plaintiffs filed an affidavit of merit.

4. The Holmes action is time-barred. The first unsworn affidavit of merit did not represent a valid affidavit and therefore did not toll the period of limitation. The sworn affidavit and the complaint in the third action were filed beyond the period of limitation. *Scarsella* retroactively applies to the Holmes action. Judicial decisions generally are given full retroactive effect. Prospective application is appropriate, however, when the holding overrules settled precedent or decides an issue of first impression whose resolution was not clearly foreshadowed. That a decision may involve an issue of first impression does not in and of itself justify giving it only prospective application where the decision does not announce a new rule of law or change existing law, but merely provides an interpretation that has not previously been the subject of an appellate court decision. Although *Scarsella* addressed an issue of first impression, i.e., requirements set by 1993 PA 78 for initiating medical malpractice actions, it neither overruled existing precedent nor announced a new rule of law, but merely interpreted clear and unambiguous statutory language that established new, stricter standards for initiating medical malpractice actions.

Reversed and remanded for entry of orders of summary disposition for the defendants.

1. LIMITATION OF ACTIONS — PLEADING — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT.

An action for medical malpractice is not commenced so as to toll the statutory period of limitation unless a sworn affidavit of merit is filed with the complaint or an extension for the filing of the affidavit is obtained upon a showing of good cause (MCL 600.2912d; MSA 27A.2912[4]).

2. WORDS AND PHRASES — AFFIDAVITS.

An affidavit is a written or printed declaration or statement of facts that is made voluntarily and confirmed by oath or affirmation of

the party making it, taken before a person having authority to administer such oath or affirmation.

3. APPEAL — DECISIONS — RETROACTIVE OR PROSPECTIVE APPLICATION.

Appellate decisions generally are given full retroactive effect; prospective application is appropriate, however, when the holding overrules settled precedent or decides an issue of first impression whose resolution was not clearly foreshadowed.

*Fieger, Fieger, Schwartz & Kenney, P.C.* (by *Geoffrey Nels Fieger* and *Rebecca H. Sinn*), for Michael C. Holmes.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), for Michigan Capital Medical Center.

*Fraser Trebilcock Davis & Foster, P.C.* (by *Mark A. Bush*), for M. Jones, D.O.

*Fajen and Miller, P.L.L.C.* (by *Richard B. Bailey* and *Nelson P. Miller*), for Olsten Health Care and Debra Waldie, R.N., B.S.N.

*Schwartz & Jalkanen, P.C.* (by *Arthur W. Jalkanen* and *Gregory A. Light*), for Thomas Selznick, D.O., and Livonia Family Physicians, P.C.

Before: GAGE, P.J., and GRIBBS and SAWYER, JJ.

PER CURIAM. In these consolidated appeals involving medical malpractice cases, defendants-appellants appeal by leave granted from orders denying their motions for summary disposition. We reverse and remand because we conclude that in each case defendants-appellants were entitled to summary disposition pursuant to MCR 2.116(C)(7) (claim barred because of statute of limitations).

Each defendant asserts entitlement to summary disposition on the basis that plaintiffs failed to file with their complaints affidavits of merit required by MCL

600.2912d; MSA 27A.2912(4), and thus failed to timely file proper complaints within the statutory limitation period. We review de novo decisions regarding summary disposition. *Rheaume v Vandenberg*, 232 Mich App 417, 420-421; 591 NW2d 331 (1998). In deciding a motion made under MCR. 2.116(C)(7), a court should consider all affidavits, pleadings, and other documentary evidence submitted by the parties. *Rheaume, supra* at 421. If the pleadings or other documentary evidence reveal no genuine issues of material fact, the court must decide as a matter of law whether the claim is statutorily barred. *Asher v Exxon Co, USA*, 200 Mich App 635, 638; 504 NW2d 728 (1993).

"[T]he plaintiff in an action alleging medical malpractice . . . shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness." MCL 600.2912d(1); MSA 27A.2912(4)(1). These appeals present the central issue whether a complaint filed without an affidavit of merit tolls the applicable limitation period. In *Scarsella v Pollak*, 232 Mich App 61; 591 NW2d 257 (1998), aff'd 461 Mich 547; 607 NW2d 711 (2000), this Court held that a medical malpractice complaint filed without an affidavit of merit "is insufficient to commence the lawsuit." *Id.* at 64. When a plaintiff fails to comply with the affidavit of merit requirement but the limitation period has not yet expired, dismissal of the complaint without prejudice may constitute an appropriate remedy, leaving the plaintiff free to refile the complaint together with an affidavit of merit. *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 47-48; 594 NW2d 455 (1999). If the

claim is time-barred, however, the complaint should be dismissed with prejudice. *Scarsella, supra.*

DOCKET NO. 217975

Plaintiffs Regina Malinowski and Raymond Malinowski, Jr., alleged that on May 19, 1995, defendants Thomas Selznick, D.O., and Livonia Family Physicians, P.C., failed to properly diagnose and treat Raymond Malinowski's impending myocardial infarction. On May 9, 1997, ten days before the two-year limitation period expired, plaintiffs served a notice of intent to file a claim. MCL 600.2912b; MSA 27A.2912(2). This notice tolled the limitation period for 182 days, which notice period ended on November 7, 1997. MCL 600.2912b(1), 600.5856(d); MSA 27A.2912(2)(1), 27A.5856(d). Plaintiffs filed their complaint on November 12, 1997, but attached no affidavit of merit. On April 20, 1998, plaintiffs provided defendant an affidavit of merit.

Defendants moved for summary disposition, arguing that plaintiffs' complaint was time-barred and should be dismissed because plaintiffs failed to file the required affidavit of merit. The trial court denied defendants' motion apparently on the basis of the parties' inadequate documentation of their positions. After this Court issued its *Scarsella* opinion, defendants renewed their motion, which the trial court again denied. The court found that plaintiffs complied with the statute because they had an unspecified "good cause" for the late filing of their affidavit of merit, and that the limitation period was tolled because the affidavit of merit related back to the filing date of the complaint.

The trial court incorrectly reasoned that plaintiffs had good cause for the late filing of the affidavit. An exception to the mandatory requirement that plaintiffs file an affidavit of merit with their complaint exists in MCL 600.2912d(2); MSA 27A.2912(4)(2), which provides that "for good cause shown" plaintiffs may move for a twenty-eight-day extension to file their affidavit of merit. No indication exists within the instant record, however, that plaintiffs ever sought or were granted an extension by the trial court. Even if such an extension was granted, plaintiffs should have filed their affidavit of merit no later than December 15, 1997.

The trial court also erroneously determined that plaintiffs' April 20, 1998, affidavit of merit related back to the filing date of the complaint. This Court in *Scarsella* expressly considered and rejected this contention:

> Plaintiff contends that he should have been allowed to amend his September 22, 1996, complaint by appending the untimely affidavit of merit. He reasons that such an amendment would relate back, see MCR 2.118(D), making timely the newly completed complaint. We reject this argument for the reason that it effectively repeals the statutory affidavit of merit requirement. Were we to accept plaintiff's contention, medical malpractice plaintiffs could routinely file their complaints without an affidavit of merit, in contravention of the court rule and the statutory requirement, and "amend" by supplementing the filing with an affidavit at some later date. This, of course, completely subverts the requirement of MCL 600.2912d(1); MSA 27A.2912(4)(1), that the plaintiff "shall file with the complaint an affidavit of merit," as well as the legislative remedy of MCL 600.2912d(2); MSA 27A.2912(4)(2), allowing a twenty-eight-day extension in instances where an affidavit cannot accompany the complaint. [*Scarsella, supra*, 232 Mich App 65.]

Furthermore, the trial court misplaced its reliance on *VandenBerg v VandenBerg*, 231 Mich App 497; 586 NW2d 570 (1998), in finding that dismissal of plaintiffs' complaint is not mandatory where plaintiffs failed to comply with MCL 600.2912d; MSA 27A.2912(4). The *VandenBerg* plaintiff failed to file an affidavit of merit with the complaint, but served the defendant the complaint and the affidavit before the limitation period expired. *Id.* at 498. As this Court stated in *Scarsella*, however, *VandenBerg* is factually and legally distinguishable from a case like the instant case involving plaintiffs who never timely filed or served an affidavit of merit. *Scarsella, supra* at 64, n 1. Like the *Scarsella* plaintiff and unlike the *VandenBerg* plaintiff, plaintiffs in this case failed to properly commence their action within the applicable limitation period. Because plaintiffs failed to comply with MCL 600.2912d; MSA 27A.2912(4) by filing an affidavit of merit with their complaint or by requesting an extension of time in which to file their affidavit, the limitation period was not tolled and it expired on November 17, 1997. Plaintiffs' claim was time-barred because plaintiffs' April 20, 1998, attempt to remedy their failure to file the affidavit of merit occurred beyond the limitation period. *Scarsella, supra* at 64.

We conclude that the trial court erred in failing to grant defendants summary disposition pursuant to MCR 2.116(C)(7).[1]

---

[1] Although defendants sought summary disposition pursuant to MCR 2.116(C)(10), "[i]f the moving party has asked for summary disposition under one subpart of the court rule where judgment is appropriate under another subpart, the defect is not fatal. The movant need not identify the specific subrule under which it seeks summary disposition." *Ruggeri Electrical Contracting Co, Inc v City of Algonac*, 196 Mich App 12, 18; 492 NW2d 469 (1992).

DOCKET NOS. 217826, 218240, 218270

Plaintiff Michael C. Holmes alleged that defendants-appellants Olsten Health Care, Debra Waldie, R.N., Michigan Capital Medical Center, and M. Jones, D.O., failed to diagnose and treat the decedent Karen Holmes' deep vein thrombosis, which resulted in her death from a pulmonary embolism. Plaintiff was appointed personal representative of the estate of the decedent on February 8, 1995, giving him until February 8, 1997, before the limitation period would expire. MCL 600.5852; MSA 27A.5852. Plaintiff filed his initial complaint on March 27, 1996, but did not include an affidavit of merit. Plaintiff apparently provided an unsworn affidavit on December 16, 1996, but his complaint was dismissed without prejudice in January 1997. On January 27, 1997, plaintiff filed a second complaint, again unaccompanied by an affidavit of merit. Some time later, plaintiff provided another unsworn affidavit of merit regarding the second complaint,[2] which in February 1998 also was dismissed without prejudice. On August 6, 1998, plaintiff filed the instant complaint, apparently accompanied by a notarized affidavit of merit.

Defendants moved for summary disposition on the basis that plaintiff's instant complaint was time-barred, arguing that the December 1996 document did not qualify as a valid affidavit of merit and therefore failed to toll the limitation period. While the trial

---

[2] Plaintiff claims that the affidavit of merit was filed together with the second complaint, but does not substantiate this assertion. Defendants allege that plaintiff failed to provide the affidavit until May 2, 1997, after the limitation period expired. A properly sworn affidavit of merit addressing defendant Blue Care Network, Health Central, appears within the lower court record, dated July 22, 1997.

court agreed that the December 1996 document did not represent a valid affidavit, the court nonetheless refused to dismiss plaintiff's claim because it found that the *Scarsella* holding should only apply prospectively.

We first observe that the trial court correctly determined that plaintiff's December 1996 statement did not satisfy MCL 600.2912d(1); MSA 27A.2912(4)(1) because it did not constitute a proper affidavit of merit. The unambiguous statutory language demands that plaintiff or his attorney "shall file with the complaint an *affidavit* of merit signed by a health professional." MCL 600.2912d(1); MSA 27A.2912(4)(1) (emphasis added). To constitute a valid affidavit, a document must be (1) a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation. *People v Sloan*, 450 Mich 160, 177, n 8; 538 NW2d 380 (1995); Black's Law Dictionary (7th ed). While plaintiff's document met the first two requirements, no indication exists that the information was provided under oath. Even if we assumed that the person who signed the statement affirmed its contents, no evidence establishes that the affirmation was made before a person authorized to administer an oath.

Plaintiff relies on two distinguishable cases to support his argument that an affidavit need not be notarized. *People v Lane*, 124 Mich 271; 82 NW 896 (1900), dealt with the requirements for a sworn criminal complaint, not an affidavit. Furthermore, the record indicated that the relevant evidence was provided under oath. *Id.* at 273. In *Wise v Yunker*, 223 Mich 203; 193

NW 890 (1923), the affidavit in question was not, as here, completely devoid of a jurat. In *Wise*, the notary dated the document and affixed the date her commission expired, but neglected to sign it. *Id.* at 205-206. The Supreme Court found the affidavit sufficient because the date and the notary's commission constituted evidence that the declarant swore to the information provided within the affidavit. *Id.* at 206-208. In this case, however, the December 1996 document completely lacks a jurat. Because no indication exists that the doctor confirmed the document's contents by oath or affirmation before a person authorized to issue the oath or affirmation, the document does not qualify as a proper affidavit.[3] *Sloan, supra.*

Accordingly, plaintiff failed to file an affidavit of merit[4] before the limitation period expired on February 5, 1997, and failed to seek an extension of the

---

[3] Thus, even assuming that plaintiff filed the second unsworn document together with his second complaint in January 1997, the unsworn document likewise did not represent a valid affidavit of merit.

[4] In affirming this Court's determination that the filing of a complaint absent the required affidavit of merit did not suffice to commence a medical malpractice action, the Supreme Court in *Scarsella, supra*, 461 Mich 547, observed that "[t]his holding does not extend to a situation in which" a court subsequently determines that a timely filed affidavit is inadequate or defective." *Id.* at 553. In a footnote to this quoted statement, the Court elaborated that "[w]e do not decide today *how* well the affidavit must be framed. Whether a timely filed affidavit that is grossly nonconforming to the statute tolls the statute is a question we save for later decisional development." *Id.* at n 7 (emphasis in original). The Supreme Court's language seems to suggest its contemplation that an affidavit of merit failing to comply with the substantive requirements imposed by MCL 600.2912d(1)(a)-(d); MSA 27A.2912(4)(1)(a)-(d), when filed together with a complaint, might possibly be sufficient to commence a medical malpractice action. However, because the instant case does not involve a plaintiff who filed an affidavit failing to comply with MCL 600.2912d(1)(a)-(d); MSA 27A.2912(4)(1)(a)-(d), but a plaintiff who completely failed to provide a document meeting the definition of an "affidavit," we do not find the Supreme Court's contemplation applicable to this case.

period for filing the affidavit, which MCL 600.2912d(2); MSA 27A.2912(4)(2) provides. The only remaining issue becomes whether the *Scarsella* holding should be retroactively applied. Judicial decisions generally are given full retroactive effect. Prospective application is appropriate, however, when the holding overrules settled precedent or decides an issue of first impression whose resolution was not clearly foreshadowed. *Lindsey v Harper Hosp*, 455 Mich 56, 68; 564 NW2d 861 (1997). That a decision may involve an issue of first impression does not in and of itself justify giving it only prospective application where the decision does not announce a new rule of law or change existing law, but merely provides an interpretation that has not previously been the subject of an appellate court decision. *Jahner v Dep't of Corrections*, 197 Mich App 111, 114; 495 NW2d 168 (1992).

This Court's *Scarsella* decision, although arguably a case of first impression, neither overruled existing precedent nor announced a new rule of law. Plaintiff correctly observes that *Buscaino v Rhodes*, 385 Mich 474; 189 NW2d 202 (1971), overruled in part on other grounds in *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999), stated that a civil action is commenced by filing a complaint and that commencing an action within the statutory period tolls the limitation period. *Buscaino, supra* at 481. While it may appear that *Scarsella* overruled this precedent, it was not the 1998 *Scarsella* decision that altered precedent, but the prior enactment of 1993 PA 78, the tort reform legislation that added the affidavit of merit requirement. *Scarsella* merely interpreted the clear and unambiguous statutory language that established new, stricter standards for initiating medical malprac-

tice actions. *Scarsella, supra*, 232 Mich App 64. Because *Scarsella* did not overrule precedent or establish new law, but merely provided a statutory interpretation not previously the subject of an appellate court decision, we conclude that the trial court erred in refusing to retroactively apply *Scarsella. Jahner, supra.*

Plaintiff's December 1996 "affidavit" did not comply with MCL 600.2912d; MSA 27A.2912(4) and failed to toll the limitation period. Consequently, plaintiff's instant action was time-barred. *Scarsella, supra.* We conclude that the trial court erred in denying defendants summary disposition according to MCR 2.116(C)(7).

## CONCLUSION

In all four consolidated appeals, Docket Nos. 217826, 217975, 218240, and 218270, we reverse and remand for entry of orders granting defendants-appellants summary disposition consistent with this opinion. We do not retain jurisdiction.