**Hun DAE LEE, Plaintiff,**

v.

**John PUTZ, M.D. and Edward W. Sparrow Hospital Association, Defendants.**

**No. 1:03–CV–267.**

United States District Court, W.D. Michigan, Southern Division.

Dec. 10, 2003.

Order denying reconsideration Jan. 30, 2004.

Thomas C. Miller, Southfield, MI, for Plaintiff.

Michael W. Stephenson, E. Lansing, MI, Barbara Jo Kennedy, Robert M. Wyngaarden, Okemos, MI, for Defendants.

## MEMORANDUM OPINION AND ORDER

ROBERT HOLMES BELL, Chief Judge.

In this diversity medical malpractice action, Defendant John Putz, M.D. ("Dr. Putz") and Defendant Edward W. Sparrow Hospital ("Sparrow Hospital") have filed motions to dismiss Plaintiff Hun Dae Lee's complaint. Defendants' allege that Plaintiff's failure to comply with the Michigan statutory requirements pertaining to an affidavit of merit denies this court subject matter jurisdiction over this dispute. For the reasons set forth below, Defendants' motions to dismiss is GRANTED.

### I.

On September 8, 2000, Plaintiff fell off a roof and injured his legs and feet. At Sparrow Hospital, Plaintiff was treated for these injuries by Dr. Putz. Specifically, Dr. Putz performed surgery on Plaintiff's right tibia and fibula. According to Plaintiff, Dr. Putz negligently provided post-treatment care.

In March 2003, Plaintiff filed this case against Dr. Putz and Sparrow Hospital. Pursuant to Michigan law, Plaintiff included an affidavit of merit with his complaint. The affidavit was signed by Keith Hollingsworth, M.D. and notarized by an Ohio notary. Plaintiff did not attach a certificate showing that the Ohio notary was authorized to act as a notary. Defendants subsequently filed motions to dismiss.

### II.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) will be granted where the Court lacks subject matter jurisdiction over the action. *See* Fed. F. Civ. P. 12(b)(1). The plaintiff has the burden of proving that this Court has jurisdiction to consider his claim. *Rogers v. Stratton Indus. Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). Generally, a federal court has subject matter jurisdiction when the minimal requirements of diversity of citizenship and the amount in controversy requirement are met. *See* 28 U.S.C. § 1332(a). The essence of diversity jurisdiction, however, is that a federal court enforces state law and state policy. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir.2001) (citing *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947)). Thus, there are cases where, even if diversity of citizenship exists, a federal court will not take jurisdiction unless the plaintiff has asserted a claim cognizable in the state courts. *Id.*

Under Michigan's Revised Judicature Act, a medical malpractice plaintiff is required to file an affidavit of merit with the complaint. MICH. COMP. LAWS § 600.2912d. "To constitute a valid affidavit, a document must be (1) a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *Holmes v. Mich. Capital Med. Ctr.*, 242 Mich.App. 703, 711, 620 N.W.2d 319, 323 (2000). Although § 600.2912d does not indicate who has the authority to administer an oath or affirmation, § 600.2102 of the Revised Judicature Act does specify who has the authority to notarize affidavits. In particular, an affidavit sworn before an out-of-state notary must be accompanied by a certification of the notary's authority. MICH. COMP. LAWS § 300.2102(4). Michigan courts have declared affidavits sworn before out-of-state notaries without the appropriate certification as null and void. *In re Alston's Estate*, 229 Mich. 478, 482, 201 N.W. 460, 461 (1924) (affirming trial court decision not to consider affidavit notarized by out-of-state notary without certificate of out-of-state notary's authority because the affidavit did not comply with the statutory

requirements for affidavits notarized by out-of-state notaries); *Holmes,* 242 Mich. App. at 710–14, 620 N.W.2d at 323–25 (dismissing medical malpractice action because affidavit was not notarized).

■ In the present case, Plaintiff filed a complaint with an affidavit of merit notarized by an out-of-state notary. The affidavit, however, lacks a certificate of the out-of-state notary's authority. Because an affidavit without the appropriate certification is null and void under Michigan law, Plaintiff has failed to assert a claim that is cognizable in Michigan state courts. This Court, sitting in diversity, will not exercise jurisdiction over a state law claim when Michigan courts would not recognize the claim.

■ Even if this Court exercised jurisdiction, Defendants' motion to dismiss would be properly granted for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). When a federal court exercises diversity jurisdiction, it must apply applicable substantive state laws to the case before it. A federal court cannot give that which a state has withheld. *Angel v. Bullington,* 330 U.S. 183, 193, 67 S.Ct. 657, 91 L.Ed. 832 (1947). If state law has denied a plaintiff relief, the federal district court must dismiss the complaint for failure to state a claim upon which relief may be granted. *Goetzke v. Ferro Corp.,* 280 F.3d 766, 779 (7th Cir.2002). Michigan law requires an affidavit notarized by an out-of-state notary to be accompanied with a certificate of authorization. Because Plaintiff has failed to include this certificate, Plaintiff has failed to allege a claim for which this Court may grant relief.

■ Defendants also claim that the complaint should be dismissed with prejudice for failure to comply with the statute of limitations. "[F]or statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit." *Scarsella v. Pollak,* 461 Mich. 547, 549, 607 N.W.2d 711, 713 (2000); *Holmes,* 242 Mich.App. at 706–07, 620 N.W.2d at 321. In this case, the statute of limitations purportedly lapsed on July 21, 2003. Because the Michigan Supreme Court has rejected the idea that an untimely affidavit relates back, *Scarsella,* 461 Mich. at 550, 607 N.W.2d at 713, Plaintiff cannot cure his failure to file a certificate of the out-of-state notary's authority. Consequently, dismissal with prejudice is appropriate. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss (Docket ## 17, 24) are **GRANTED**.

**IT IS FURTHER ORDERED** that this case is dismissed with prejudice in its entirety.

### *MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION*

In this diversity medical malpractice action, Defendant John Putz, M.D. ("Dr. Putz") and Defendant Edward W. Sparrow Hospital ("Sparrow Hospital") filed a motion to dismiss Plaintiff Hun Dae Lee's complaint. Defendants' motion was granted on December 10, 2003. Before this Court is Plaintiff's motion to alter or amend the judgment, motion for relief from judgment and/or a motion for reconsideration.

Plaintiff argues that this Court erred by dismissing Plaintiff's claim with prejudice, rather than without prejudice. In *Dorris v. Detroit Osteopathic Hosp. Corp.,* 460 Mich. 26, 594 N.W.2d 455 (1999), the Michigan Supreme Court concluded that the appropriate sanction for failure to file an affidavit of merit is dismissal with prejudice. The Michigan Supreme Court, however, distinguished *Dorris* in *Scarsella v. Pollak,* 461 Mich. 547, 551–52, 607 N.W.2d 711, 714, stating that the difference between *Dorris* and the present case is the

present Plaintiff's statute of limitations problem. In *Scarsella*, the plaintiff filed his medical malpractice complaint approximately two to three weeks before the plaintiff's claim would be barred by the applicable limitation period. The plaintiff, however, did not file an affidavit of merit with the complaint. The defendant filed a motion seeking dismissal for failure to comply with M.C.L. § 600.2912d(1); MSA 27A.2912(4)(1). The trial court ruled that the plaintiff's failure to file an affidavit of merit with his complaint rendered the complaint null and void. *Id.* at 549, 607 N.W.2d at 713. The court then reasoned that because the filing was a nullity, it did not toll the period of limitation and therefore plaintiff's claim was time-barred. *Id.* In *Scarsella*, the Michigan Supreme Court affirmed the trial court's dismissal with prejudice of the plaintiff's claim. *Id.* (stating "The case was dismissed with prejudice. We find no error in the trial court's analysis."). Applying the same reasoning to the case at bar, this Court concluded that dismissal with prejudice of Plaintiff's claim was appropriate under controlling Michigan law.

Plaintiff has requested relief pursuant to Rule 59 of the Federal Rules of Civil Procedure and Local Rule 7.4. A successful motion to alter or amend the judgment under Rule 59(e) "must either clearly establish a manifest error of law or must present newly discovered evidence." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Similarly, Local Rule 7.4 states that a motion for reconsideration shall be granted when movant has demonstrated a palpable defect, which requires a different disposition of the case. W.D. Mich. LCivR 7.4(a). Plaintiff has failed to demonstrate such an error or defect.

Plaintiff has also requested relief pursuant to Rule 60 of Federal Rules of Civil Procedure. Because Plaintiff has not re-quested relief for reason of a clerical mistake, this Court reviews Plaintiff's motion for relief from judgment pursuant to Rule 60(b). Under Rule 60(b), a party seeking relief from judgment must show the applicability of the rule. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir.2001). *See also Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."). Plaintiff has failed to demonstrate that there is any reason under Rule 60(b) for which he would be entitled to relief. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to alter or amend the judgment, motion for relief from judgment and/or motion for reconsideration (Docket # 51) is **DENIED**.