# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF BRIAN P. TURNER, by SCOTT
SHARP, Personal Representative,,

Plaintiff-Appellant,

v

CHRISTOPHER M. MOHLER, M.D., OMNI
HEALTH SERVICES LIMITED, MELISSA
THORNTON, R.N., EMMA L. BIXBY
MEDICAL CENTER, a/k/a BIXBY MEDICAL
CENTER, PROMEDICA HEALTH SYSTEMS,
INC., PICIS, INC., and OPTUMINSIGHT, INC.,

Defendants-Appellees.

UNPUBLISHED
November 8, 2016

No. 327110
Lenawee Circuit Court
LC No. 12-004383-NH

Before: WILDER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

In this wrongful death action based on medical malpractice, plaintiff, as the successor personal representative of the estate of Brian P. Turner, appeals as of right the trial court's order granting summary disposition in favor of defendants Christopher M. Mohler, M.D., Omni Health Services Limited, Melissa Thornton, R.N., Emma L. Bixby Medical Center, and Promedica Health Systems, Inc.[1] The trial court held that plaintiff's claims against these defendants were for medical malpractice, not ordinary negligence, and that the claims were untimely filed under both the two-year limitations period applicable to malpractice actions, MCL 600.5805(6), and the two-year saving period for wrongful death actions, MCL 600.5852. We affirm.

The decedent, Brian Turner, died on November 5, 2009, after suffering an allergic reaction to medication that was administered on October 28, 2009, in the emergency room at the Emma L. Bixby Medical Center. The medication was administered by Melissa Thornton, a nurse, at the direction of Dr. Christopher Mohler, M.D., the treating physician. Plaintiff alleges that Thornton and Mohler were negligent by failing to review the decedent's electronic medical records before prescribing and administering the medication, which contained a derivative

---

[1] Plaintiff stipulated to the dismissal of defendants Picis, Inc., and Optuminsight, Inc.

-1-

similar to Motrin. Mohler did not dispute that he failed to check the decedent's electronic medical records before prescribing the medication, or that the records would have revealed that the decedent had an allergy to Motrin. At his deposition, however, he testified that he routinely discusses allergies with his patients when examining them and did so with the decedent, who was alert and oriented at the time of the examination. The decedent's mother was also present during the discussion. Mohler claimed that the decedent told him only that he had an allergy to salicylates or aspirin, not ibuprofen or Motrin. Because he obtained information about allergies directly from the decedent, he did not check the decedent's electronic medical records for that information.

The decedent's sister, Teresa Turner-Sharp, was originally appointed personal representative of the decedent's estate on December 18, 2009. On March 21, 2012, she filed this wrongful death action on behalf of the estate. After the medical defendants filed motions for summary disposition based on the statute of limitations, Teresa's husband, plaintiff Scott Sharp, was appointed as successor personal representative of the estate on September 25, 2012. The court allowed Scott to file, on December 3, 2012, a second amended complaint naming him as the party plaintiff in place of Theresa, and raising claims of ordinary negligence. Plaintiff later filed a third amended complaint adding claims of medical malpractice. The medical defendants renewed their joint motions for summary disposition based on the statute of limitations. In February 2013, the trial court found that plaintiff's claims were for medical malpractice, not ordinary negligence, and that the claims were barred by the statute of limitations because Theresa's original complaint was not timely filed, and the claims could not be revived by the filing of plaintiff's second amended complaint. This appeal followed.

## I. STANDARD OF REVIEW

This Court reviews a trial court's summary disposition decision de novo. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). Defendants moved for summary disposition under both MCR 2.116(C)(7) and (10). MCR 2.116(C)(7) authorizes summary disposition when an action is barred by a statute of limitations. When evaluating whether a plaintiff's claim is one for malpractice or ordinary negligence for purposes of determining the applicable period of limitations, the motion is properly reviewed under MCR 2.116(C)(7). See *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411, 419; 684 NW2d 864 (2004).

> A defendant who files a motion for summary disposition under MCR 2.116(C)(7) may (but is not required to) file supportive material such as affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3); *Patterson v Kleiman*, 447 Mich 429, 432; 526 NW2d 879 (1994). If such documentation is submitted, the court must consider it. MCR 2.116(G)(5). If no such documentation is submitted, the court must review the plaintiff's complaint, accepting its well-pleaded allegations as true and construing them in a light most favorable to the plaintiff. [*Turner v Mercy Hosps & Health Servs of Detroit*, 210 Mich App 345, 348; 533 NW2d 365 (1995).]

"If the pleadings or other documentary evidence reveal no genuine issues of material fact, the court must decide as a matter of law whether the claim is statutorily barred." *Holmes v Mich*

*Capital Med Ctr*, 242 Mich App 703, 706; 620 NW2d 319 (2000); see also *City of Novi v Woodson*, 251 Mich App 614, 621; 651 NW2d 448 (2002).

A motion under MCR 2.116(C)(10) tests the factual support for a claim. Summary disposition should be granted if, except as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Babula v Robertson*, 212 Mich App 45, 48; 536 NW2d 834 (1995).

## II. MALPRACTICE OR ORDINARY NEGLIGENCE

We first address plaintiff's argument that the trial court erred in treating his claim as one for medical malpractice, and not ordinary negligence. An ordinary negligence action is subject to a three-year limitations period, MCL 600.5805(10), whereas the limitations period for a medical malpractice claim is two years, MCL 600.5805(6).

The factual basis for plaintiff's theory of liability is that Mohler and Thornton prescribed and administered a medication to the decedent without reviewing the decedent's electronic medical records to determine if he had an allergy to a particular medication. Plaintiff alleges that if Mohler and Thornton had reviewed the decedent's medical records, they would have discovered that he had an allergy to Motrin, and would have known that it was unsafe to administer the medication that was prescribed.

A claim sounds in medical malpractice, rather than ordinary negligence, if the alleged breach occurred within the course of a professional relationship and if "the claim raises questions of medical judgment beyond the realm of common knowledge and experience." *Bryant*, 471 Mich at 422. There is no dispute that a professional relationship existed between the decedent and both Mohler and Thornton. Resolution of this issue instead depends on whether plaintiff's claim is dependent upon medical judgment or can be resolved on the basis of "common knowledge and experience." We disagree with plaintiff that his theory of liability is not dependent upon the exercise of medical judgment. Plaintiff's theory is not that Mohler or Thornton were negligent in their review of the medical records, but rather than they failed to examine the records altogether before prescribing and administering medication to the decedent. The question is not whether Mohler or Thornton failed to exercise due care in their review of the medical records, but whether they breached a standard of care by failing to consult the medical records in the first instance.

At his deposition, Mohler explained that he inquires about allergies with every patient he examines because it is an important part of medical treatment. He recalled meeting with the decedent in the emergency room, in the presence of Thornton and the decedent's mother, and the decedent told him that he was allergic to salicylates and aspirin. The decedent did not mention being allergic to Motrin. Mohler explained that he did not check the decedent's electronic medical records because he had already asked him directly about his allergies. According to Mohler, the decedent was alert and capable of communicating with him about his allergies.

Given Mohler's testimony that it is a normal part of his practice to question patients directly about any allergies, and that he did not review the decedent's electronic medical records because both he and Thornton had learned about the decedent's allergies directly from the

decedent, who did not mention an allergy to Motrin, the trial court properly concluded that plaintiff's claim was one for medical malpractice. Whether Mohler breached the standard of care for a doctor by relying on medical information obtained directly from a patient, without independently reviewing that patient's medical records to verify the accuracy of the information reported, is a question beyond the realm of common knowledge and experience, and instead involves a matter of medical judgment and expertise. The success of plaintiff's claims required plaintiff to establish that Mohler and Thornton were negligent for relying solely on the decedent's self-reports of his allergies. To establish this claim, it would be necessary for plaintiff to present testimony from a medical expert regarding the standard of care relative to a doctor's reliance on a patient's self-reports of medical information. Accordingly, the trial court properly determined that plaintiff's claim was one for medical malpractice, and not ordinary negligence.

## III. STATUTE OF LIMITATIONS

Plaintiff also argues that, even if his claim is determined to be one for medical malpractice, the trial court erred in ruling that it was not timely filed. We disagree.

Plaintiff agrees that the original two-year limitations period for a malpractice claim expired on October 28, 2011, two years after the date the decedent was administered the drug that caused his allergic reaction. The original complaint was filed after that date, on March 21, 2012. Accordingly, plaintiff's complaint was not filed within the two-year period for a medical malpractice action. However, where a decedent dies before the original limitations period expires, MCL 600.5852 affords a personal representative additional time in which to file a complaint on behalf of the decedent's estate. MCL 600.5852 is not a statute of limitations, but a saving statute that preserves an action that survives death to allow the representative of an estate a reasonable amount of time to pursue the action. *Lipman v William Beaumont Hosp*, 256 Mich App 483, 489; 664 NW2d 245 (2003) (citations omitted). At the time of the decedent's treatment in October 2009, MCL 600.5852 provided[2]:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

Under this statute, the personal representative of the decedent's estate was allowed to bring an action within two years after letters of authority were issued, even if the malpractice period of limitations had run, as long as the action was brought no more than three years after the malpractice period of limitations had expired. Theresa was appointed personal representative of

---

[2] MCL 600.5852 has since been amended and applies to actions that arose on or after March 28, 2013.

-4-

the decedent's estate and received her letters of authority on December 18, 2009. Thus, even though the two-year limitations period for malpractice expired on October 28, 2011, Theresa had until December 18, 2011, two years after her appointment as personal representative, to commence an action. Theresa did not commence this action until March 21, 2012, after the two-year saving period had expired. Plaintiff does not dispute that Theresa's complaint was not timely filed. He contends, however, that the two-year saving period for filing a wrongful death action was renewed after he was appointed personal representative, and that he timely filed his second amended complaint within the two-year period, thereby timely reviving this action. We disagree.

In *Eggleston v Bio-Med Applications of Detroit, Inc*, 468 Mich 29, 32-33; 658 NW2d 139 (2003), our Supreme Court clarified that the language in MCL 600.5852 allowing an action to be brought within two years after letters of authority are issued to *the* personal representative of a decedent's estate is not limited to the *initial* personal representative. In *Eggleston*, the decedent died on June 22, 1996, the day after her last day of treatment. *Id*. at 30. The initial personal representative received letters of authority on April 4, 1997, but died on August 20, 1997, before filing a complaint. *Id*. at 31. The successor personal representative was appointed on December 8, 1998, and filed a complaint for malpractice on June 9, 1999. *Id*. The Court held that the action was timely filed where it was filed within two years after letters of authority were issued to the successor personal representative, and within three years after the limitations period had run. *Id*. at 33. The instant case is distinguishable from *Eggleston* because it involves the prior commencement of an action by the initial personal representative after the expiration of *both* the statutory limitations period and the two-year saving period applicable to that personal representative.

In *Braverman v Garden City Hosp*, 275 Mich App 705; 740 NW2d 744 (2007), the decedent died on February 18, 2002. *Id*. at 708. The decedent's mother, Grace Fler, was initially appointed personal representative of the decedent's estate on October 29, 2002. *Id*. In June 2004, Fler petitioned to resign as personal representative. *Id*. The plaintiff was appointed personal representative on August 18, 2004. *Id*. In the interim, a notice of intent to sue was served on the defendants. *Id*. The plaintiff initially filed suit on October 29, 2004, but that complaint was dismissed because it was filed during the six-month period in which an action could not be commenced after service of the notice. *Id*. at 708-709. The action was refiled on January 25, 2005. *Id*. at 709. The principal issue in *Braverman* was whether the plaintiff, as the successor personal representative, could file suit in reliance on the predecessor's service of the notice of intent to sue. *Id*. at 715. A special panel of this Court held that "a notice of intent sent by a predecessor personal representative can support a complaint filed by a successor personal representative." *Id*. at 707. Our Supreme Court later affirmed this Court's decision in an order that also clarified that the plaintiff's complaint, filed by the successor personal representative within two years of his appointment, was timely filed under *Eggleston*. *Braverman v Garden City Hosp*, 480 Mich 1159; 746 NW2d 612 (2008). Again, this case is distinguishable from *Braverman*, which did not involve the filing of a prior complaint by the initial personal representative after expiration of the saving period.

In *Carmichael v Henry Ford Hosp*, 276 Mich App 622; 742 NW2d 387 (2007), the plaintiff was appointed personal representative of the decedent's estate, but the estate was closed without an action having been commenced. *Id*. at 625. The estate was later reopened and the

plaintiff was reappointed as successor personal representative, after which she brought an action against the defendants. *Id*. Although the complaint was filed after both the medical malpractice period of limitations and the wrongful death saving period—as measured from the personal representative's original appointment—had expired, this Court agreed with the circuit court "that MCL 600.5852 afforded plaintiff two years to file suit beginning on . . . the date of her appointment as the estate's successor personal representative." *Id*. at 626. Again, however, this case is distinguishable in that the original personal representative here actually commenced an action that was untimely when brought, because it was brought after both the medical malpractice period of limitations and the wrongful death saving period—as measured from the appointment date of the original personal representative *who brought the action*—had expired.

In contrast, the application of MCL 600.5852 has been limited by this Court to the filing of a single complaint. In *McMiddleton v Bolling*, 267 Mich App 667, 668-669; 705 NW2d 720 (2005), the decedent died on August 17, 2000, from complications from surgery performed in 1999. *Id*. at 668-669. The first personal representative was appointed on September 28, 2000, and on May 24, 2002, she served a notice of intent to sue. *Id*. at 669. The estate filed a complaint on March 19, 2003, more than two years after both the medical malpractice period of limitations and the two-year wrongful death saving period had expired. *Id*. A new successor personal representative was appointed on May 17, 2004. *Id*. In September 2004, the caption of the pending case was amended to reflect the new personal representative. *Id*. This Court addressed whether the appointment of the successor personal representative could revive the action, which was not timely filed by the original personal representative. *Id*. at 671-672. This Court distinguished the case from *Eggleston* because the original complaint was not timely filed by the original personal representative. *Id*. at 672. This Court held "that *Eggleston* does not support the conclusion that the complaint in this case was timely filed." *Id*. (footnote omitted).

In this case, both the initial and first amended complaint filed by plaintiff's predecessor were not timely filed under either the medical malpractice period of limitations or the two-year saving period. Although the trial court purported to dismiss the complaint without prejudice, any dismissal should have been with prejudice because the complaint was not timely filed and a dismissal based on the statute of limitations is an adjudication on the merits. *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 284; 731 NW2d 29 (2007); see also *Rinke v Auto Moulding Co*, 226 Mich App 432, 439-440; 573 NW2d 344 (1997).

More significantly, this case did not involve the dismissal of one action and the filing of a new and distinct action by a successor personal representative. Rather, plaintiff filed a second amended complaint as a continuation of the original action brought by his predecessor. That is, the second amended complaint was filed as part of the same ongoing action that was untimely filed by the original personal representative in the first instance. When a successor personal representative is appointed, the successor "must be substituted in all actions and proceedings in which the former personal representative was a party." MCL 700.3613. This case is more akin to the situation in *McMiddleton*, in which the original personal representative's complaint was untimely filed and the caption of the complaint was later amended to reflect the appointment of the successor personal representative. This Court held that the successor personal representative could not rely on the untimely complaint that was filed before the successor was appointed. *McMiddleton*, 267 Mich App at 673. Accordingly, because this action was untimely filed by plaintiff's predecessor in the first instance, plaintiff could not revive the action by filing an

amended complaint within two years of his subsequent appointment as successor personal representative.

Plaintiff suggests that this action was timely filed because it was filed within the three-year window under MCL 600.5852 (i.e., less than three years after the medical malpractice limitations period expired on October 28, 2011). However, as this Court explained in *Farley v Advanced Cardiovascular Health Specialists, PC*, 266 Mich App 566, 573 n 16; 703 NW2d 115 (2005),

> the three-year ceiling in this provision does not establish an independent period during which a personal representative may bring suit. Specifically, it does not authorize a personal representative to file suit at any time within three years after the period of limitations has run. Rather, the three-year ceiling limits the two-year saving period to those cases brought within three years of when the malpractice limitations period expired. As a result, while the three-year ceiling can *shorten* the two-year window during which a personal representative may file suit, it cannot *lengthen* it.

In this case, the original complaint was not filed within the two-year saving period of MCL 600.5852. Plaintiff cannot rely on the three-year ceiling to lengthen that saving period.

For these reasons, the trial court did not err in ruling that plaintiff's complaint was not timely filed.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto