MOURADIAN v GOLDBERG

Docket No. 239954. Submitted December 10, 2002, at Detroit. Decided
    May 20, 2003, at 9:05 A.M.

   Jorha and Diane Mouradian brought a medical-malpractice action in
   the Oakland Circuit Court against Darryl T. Goldberg, M.D.; Darryl
   T. Goldberg, M.D., P.C.; William Beaumont Hospital; Andrea Mas-
   tracci, C.R.N.A.; and William Walker, M.D., after Jorha Mouradian
   underwent separate cataract surgeries in May and June 1998. The
   plaintiffs filed their complaint on November 13, 2000, but did not
   file an affidavit of merit along with the complaint as required by
   MCL 600.2912d(1). The plaintiffs later filed an affidavit on Decem-
   ber 8, 2000. The claims against William Beaumont Hospital and
   Mastracci were dismissed, while the claim against Walker expired
   for failure to serve the summons and complaint. The remaining
   defendants moved for summary disposition, arguing that the plain-
   tiffs' claims were time-barred because the plaintiffs failed to file an
   affidavit of merit with their complaint, and thus the action did not
   commence within the applicable period of limitations. The defen-
   dants also argued that the defendants did not perform the alleged
   negligent act regarding the June surgery. The trial court, Steven N.
   Andrews, J., granted summary disposition, concluding that the fil-
   ing of the complaint alone failed to toll the period of limitations,
   and rejecting the plaintiffs' request for a retroactive extension of
   time to file the affidavit of merit. The plaintiffs appealed.

      The Court of Appeals *held*:

      1. The trial court properly dismissed the plaintiffs' claim regard-
   ing the May 1998 surgery. Under the tolling provisions of MCL
   600.5856(d), the period of limitations for the May surgery expired
   on November 13, 2000. Consistent with precedent of the Court of
   Appeals and the Supreme Court, the filing of a medical-malpractice
   complaint without the required affidavit of merit is insufficient to
   commence the lawsuit, and thus the plaintiffs' claims regarding the
   May surgery expired on November 13, 2000, when they failed to file
   the requisite affidavit.

      2. Although the trial court failed to distinguish between the two
   separate surgeries, the plaintiffs' claims regarding the June 1998
   surgery were also properly dismissed. Under the tolling provisions

in MCL 600.5856(d), the period of limitations for the June surgery expired on December 11, 2000, three days after the plaintiffs filed the affidavit of merit. Thus, the plaintiffs "completed" the filing of the complaint before the expiration of the limitations period. However, because the affidavit of merit was grossly nonconforming in that it failed to contain the elements required by MCL 600.2912d(1), it was insufficient to constitute an affidavit of merit, and the plaintiffs' claims regarding the June surgery expired.

3. The trial court did not abuse its discretion by failing to grant the plaintiffs' request that the affidavit relate back to the date of the complaint because granting such a request would effectively repeal or subvert the statutory requirement of an affidavit of merit.

Affirmed.

LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT.

The filing of a medical-malpractice complaint without the statutorily required affidavit of merit by a health professional or health facility is insufficient to commence the lawsuit and toll the applicable period of limitations (MCL 600.2912d[1]).

*Ira B. Saperstein* for the plaintiffs.

*Wulfmeier & Ottenwess, PLC* (by *LeRoy H. Wulfmeier, III* and *John J. Moran*), for the defendants.

Before: FITZGERALD, P.J., and WILDER and COOPER, JJ.

WILDER, J. In this medical-malpractice action, plaintiffs Jorha and Diane Mouradian appeal as of right the trial court's order granting summary disposition in favor of defendants Darryl T. Goldberg, M.D., and Darryl T. Goldberg, M.D., P.C., (hereafter defendants) pursuant to MCR 2.116(C)(7). We affirm.

I. FACTS AND PROCEEDINGS

Dr. Goldberg performed an extracapsular cataract extraction on Jorha Mouradian's right eye on May 13,

1998.[1] Plaintiffs' complaint alleges that Dr. Goldberg committed medical malpractice during this procedure by implanting the wrong size lens, requiring a second surgery to be performed on June 10, 1998. Plaintiffs' complaint also contends that during the second surgery, defendants Goldberg, William Walker (an anesthesiologist), and Andrea Mastracci (a certified nurse anesthetist) administered the anesthesia inappropriately.[2]

On May 9, 2000, plaintiffs served defendants with their notice of intent to sue, as required by MCL 600.2912b. On November 13, 2000, plaintiffs filed their complaint, but did not file an affidavit of merit with the complaint, as required by MCL 600.2912d(1). Additionally, plaintiffs did not request or receive an extension of time from the court for filing the required affidavit, as permitted by MCL 600.2912d(2).[3] On December 8, 2000, plaintiffs filed an affidavit of merit signed by Dr. Howard Siegel. Although plaintiffs assert that Dr. Siegel was unavailable to sign the affidavit of merit when plaintiffs filed their complaint and that they were left with no alternative but to file

---

[1] Plaintiff Diane Mouradian's claim is for loss of consortium.

[2] It appears from the lower-court record that defendant Walker was not served with the summons and complaint in this action. Although there is no order in the file dismissing the claim against him, the action is deemed dismissed upon expiration of the unserved summons. MCR 2.102(E)(1). Plaintiffs' claims against defendants Mastracci and William Beaumont Hospital were dismissed with prejudice on April 25, 2001, following a stipulation of the parties.

[3] MCL 600.2912d(2) states:

Extension for filing; good cause requirement. Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the affidavit required under subsection (1).

the affidavit at a later time, plaintiffs do not explain why no extension for filing the affidavit was sought at that time. Defendants were served with the summons and complaint and the affidavit of merit in January 2001.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). Defendants first argued that plaintiffs' claims against them regarding the May 1998 surgery were barred by the statute of limitations, noting that because plaintiffs did not file the affidavit with the complaint, in accordance with *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000) *(Scarsella II)*, affirming *Scarsella v Pollak*, 232 Mich App 61; 591 NW2d 257 (1998) *(Scarsella I)*, the November 13, 2000, filing of the complaint did not toll the period of limitations, which expired on December 8, 2000. Defendants also contended that Dr. Goldberg did not administer the anesthetic to plaintiff Jorha Mouradian during the June 1998 surgery and that this point is undisputed, but defendants failed to present an affidavit or other evidentiary support for this assertion.

Plaintiffs failed to respond to defendants' contention that Dr. Goldberg did not administer the anesthetic. They conceded that the affidavit of merit was not filed at the time the complaint was filed. Plaintiffs contended, however, that MCL 600.2912d(1) did not require dismissal of the complaint despite their failure to file the affidavit with the complaint. Plaintiffs also argued that since defendants received the affidavit at the same time they were served with the complaint, defendants suffered no prejudice as a result of plaintiffs' failure to file the affidavit with the complaint, and that accordingly, pursuant to *VandenBerg v VandenBerg (VandenBerg I)*, 231 Mich App 497, 502-503;

586 NW2d 570 (1998), dismissal was not required. Plaintiffs further argued that *Scarsella II* was distinguishable because plaintiffs served defendants with the affidavit of merit and the complaint simultaneously, whereas in *Scarsella II* the defendants were not served with the affidavit of merit until sometime after they were served with the summons and complaint. Plaintiffs requested in the alternative that the trial court grant them, pursuant to MCL 600.2912d(2), a retroactive twenty-eight-day extension to file their affidavit of merit, such that the affidavit of merit would relate back to the filing of the complaint.

The trial court granted summary disposition in favor of defendants based on MCR 2.116(C)(7), finding that *Scarsella II* required dismissal of the action. Specifically, the trial court held that the filing of plaintiffs' complaint alone failed to toll the period of limitations and that plaintiffs' claims were time-barred because the affidavit of merit was not filed before the period of limitations expired. The trial court rejected plaintiffs' request for a retroactive twenty-eight-day extension to file the affidavit of merit, finding pursuant to *Holmes v Michigan Capital Medical Center*, 242 Mich App 703, 708; 620 NW2d 319 (2000), that permitting plaintiffs' later-filed affidavit of merit to relate back to the date of the complaint would effectively negate the statutory affidavit requirement. Subsequently, plaintiffs moved for reconsideration of the trial court's decision, which was denied. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision to grant or deny summary disposition. *Veenstra v*

*Washtenaw Country Club*, 466 Mich 155, 159; 645 NW2d 643 (2002). Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is time-barred. *McKiney v Clayman*, 237 Mich App 198, 201; 602 NW2d 612 (1999). In reviewing a request for summary disposition pursuant to MCR 2.116(C)(7), we consider all the documentary evidence provided by the parties and accept as true all of plaintiffs' well-pleaded allegations, unless contradicted by documentary evidence. *Id.* at 202; *Novak v Nationwide Mut Ins Co*, 235 Mich App 675, 681-682; 599 NW2d 546 (1999); *Holmes, supra* at 703.

### III. ANALYSIS

We agree that the trial court properly granted summary disposition in this case, although we disagree with part of its analysis. Plaintiffs alleged that Dr. Goldberg committed malpractice on both May 13, 1998, and June 10, 1998. Under the tolling provisions of MCL 600.5856(d), the period of limitations for the May 13, 1998, surgery expired on November 13, 2000. The period of limitations for the second surgery expired on December 11, 2000. As the trial court correctly found, plaintiffs' complaint, filed without the affidavit of merit required by MCL 600.2912d, did not toll the limitations period because " 'in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit.' " *Scarsella II, supra* at 549, quoting *Scarsella I, supra* at 64. Because the limitations period concerning the first surgery expired before the affidavit of merit was filed, plaintiffs' claims relating to the May 13, 1998, surgery are time-barred. *Holmes, supra* at 709.

Plaintiffs claim that *VandenBerg I* rather than *Scarsella II* controls the disposition of this case. We disagree. First, we note that in *VandenBerg v VandenBerg (VandenBerg II)*, 253 Mich App 658, 662; 660 NW2d 341 (2002), this Court relied on our holding in *Scarsella I* that " 'the mere tendering of a complaint without the required affidavit of merit is insufficient to commence [a medical-malpractice] lawsuit,' " and found that although the complaint may have already been filed, a medical-malpractice action is not timely commenced where the filing of an affidavit of merit occurs beyond the period set by the applicable statute of limitations. *VandenBerg II, supra* at 661-662, quoting *Scarsella I, supra* at 64. Thus, in the instant case the fact that defendants were served simultaneously with the affidavit of merit and the summons and complaint is irrelevant because the suit was not *commenced* before the expiration of the period of limitations. Accordingly, we affirm the trial court's decision with regard to the first alleged act of malpractice.

Plaintiffs did, however, file the affidavit of merit before the expiration of the period of limitations for the second alleged act of malpractice.[4] The trial court erroneously held that plaintiffs' claims were time-barred because the period of limitations expired on December 8, 2000. In fact, the period of limitations for claims related to the second surgery expired on December 11, 2000. Thus, the filing of plaintiffs' affidavit on December 8, 2000, appears, on its face, to

---

[4] The parties, as well as the trial court, do not distinguish between the two claimed instances of malpractice, but we address the issue because it is necessary for a proper determination of this case. *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002).

have "completed" the filing of the complaint before the period of limitations expired. *Scarsella II, supra* at 550.

Nevertheless, we find that the filing of the complaint against defendants for the second surgery was not completed and that summary disposition pursuant to MCR 2.116(C)(7) was properly granted in this case. In reaching this conclusion, we decide an issue expressly reserved by our Supreme Court in *Scarsella II*, i.e., "[w]hether a timely filed affidavit that is grossly nonconforming to the statute tolls the statute [of limitations]."[5] *Scarsella II, supra* at 553 n 7. In the present case, Dr. Siegel's affidavit not only fails to contend that Dr. Goldberg inappropriately injected the anesthetic during the second surgery, the affidavit also fails to certify any merit to the assertion in the complaint that Dr. Goldberg breached any standard of care in the second surgery. Rather, the statements in the affidavit concerning the second surgery refer only to other defendants. According to MCL 600.2912d(1),

[t]he affidavit of merit . . . *shall* contain a statement of each of the following:

(a) The applicable standard of practice or care.

(b) The health professional's opinion that the applicable standard of practice or care was breached by *the health professional* or health facility *receiving the notice* [required by MCL 600.2912b].

---

[5] In dicta, the *Holmes* Court stated that "[t]he Supreme Court's language [in n 7 of its *Scarsella* opinion] seems to suggest its contemplation that an affidavit of merit failing to comply with the substantive requirements imposed by MCL 600.2912d(1)(a)-(d) . . . , when filed together with a complaint, might possibly be sufficient to commence a medical malpractice action." *Holmes, supra* at 712 n 4. We respectfully disagree and decline to apply the *Holmes* dicta as binding precedent to this case.

(c) The actions that should have been taken or omitted by *the health professional* or health facility in order to have complied with the applicable standard of practice or care.

(d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice. [MCL 600.2912d(1)(a)-(d) (emphasis added).]

We conclude that because the affidavit does not contain the requisite statements concerning claims of Dr. Goldberg's alleged malpractice in the second surgery, plaintiffs' affidavit is "grossly nonconforming" with respect to this claim. We further find that because the affidavit is "grossly nonconforming" to the requirements of the statute, the statements of Dr. Siegel are insufficient to constitute an affidavit of merit within the meaning of the statute with respect to the claims against defendants for the second surgery. Thus, as a matter of law, plaintiffs' complaint against defendants for the second surgery was not commenced because of their failure to file an affidavit of merit before the period of limitations expired on December 11, 2000, and summary disposition is appropriate. *Scarsella II, supra* at 549.

In this regard, the analysis of this Court in *Holmes, supra,* is instructive. There, this Court found that the period of limitations was not tolled when the plaintiff filed an unsworn affidavit of merit after filing his complaint because, pursuant to MCL 600.2912d(1), the unsworn statement was not a valid affidavit. *Holmes, supra* at 711-712, 714. Although plaintiffs in this case filed a sworn affidavit, the affidavit does not address the merit of any claims against defendants. Thus, the affidavit cannot be said to be an affidavit sufficient within the meaning of MCL 600.2912d(1) to

certify the merit of any claims against defendants for the June 10, 1998, surgery. Furthermore, because the affidavit does not certify the merit of claims against defendants for the second surgery, its filing does not fulfill the goal of MCL 600.2912d to prevent frivolous medical-malpractice actions. *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 47; 594 NW2d 455 (1999).

We also find that the trial court did not abuse its discretion by failing to grant plaintiffs' request that the affidavit relate back to the date of the complaint. As the *Scarsella II* Court noted:

> "Plaintiff contends that he should have been allowed to amend his September 22, 1996, complaint by appending the untimely affidavit of merit. He reasons that such an amendment would relate back, see MCR 2.118(D), making timely the newly completed complaint. We reject this argument for the reason that it effectively repeals the statutory affidavit of merit requirement. Were we to accept plaintiff's contention, medical malpractice plaintiffs could routinely file their complaints without an affidavit of merit, in contravention of the court rule and the statutory requirement, and 'amend' by supplementing the filing with an affidavit at some later date. This, of course, completely subverts the requirement of MCL 600.2912d(1) . . . that the plaintiff 'shall file with the complaint an affidavit of merit,' as well as the legislative remedy of MCL 600.2912d(2) . . . allowing a twenty-eight-day extension in instances where an affidavit cannot accompany the complaint." [*Scarsella II, supra* at 550, quoting *Scarsella I, supra* at 65.]

See also *VandenBerg II, supra* at 662.

Affirmed.

FITZGERALD, P.J., concurred.

COOPER, J. (concurring). I concur in the result only.