GLISSON v GERRITY

Docket No. 264433. Submitted June 6, 2006, at Detroit. Decided March 6,
2007, at 9:05 a.m. In lieu of granting leave to appeal, the Supreme
Court reversed part IV(A) of the judgment of the Court of Appeals,
and vacated parts III and IV(B) of the judgment as unnecessary in
light of the Supreme Court's reversal of part IV(A). Also, the
Supreme Court dismissed without prejudice those claims concerning
Dianne Gerrity, M.D., in the June 2, 2004, complaint, and remanded
this case to the Wayne Circuit Court for further proceedings. 480
Mich ___.

Michael Glisson, as personal representative of the estate of Scott
Glisson, deceased, brought a medical malpractice, wrongful death
action in the Wayne Circuit Court against Dianne Gerrity, M.D.; and
others, including Robert S. Levy, M.D. The affidavit of merit accom-
panying the complaint, however, identified Levy, rather than Gerrity,
as the physician who treated Scott Glisson two days before he died.
Gerrity moved for summary disposition on the ground that the
affidavit failed to comply with MCL 600.2912d and that Michael
Glisson therefore had not properly commenced his action. While the
motion was pending, Barry Glisson was appointed successor personal
representative of the decedent's estate. The court, Wendy M. Baxter,
J., concluded that the affidavit was not defective, because it contained
statements concerning the alleged malpractice on the date in ques-
tion and was thus sufficient to constitute an affidavit of merit against
Gerrity. The court denied Gerrity's motion and directed the filing of
an amended affidavit of merit, which Barry Glisson filed. Gerrity
appealed by leave granted.

The Court of Appeals *held*:

1. The action against Gerrity was not properly commenced
because the affidavit did not conform to the requirements of the
statute concerning affidavits of merit, and the trial court should
have granted her summary disposition. The affidavit of merit
failed to refer to Gerrity and did not reflect that she had breached
any standard of care with regard to Scott Glisson's treatment, as
required by MCL 600.2912d(1)(b).

2. The trial court erred by directing the filing of an amended
affidavit of merit. The later filing of an affidavit of merit cannot relate
back to make the complaint timely. To the extent that the require-
ments of MCL 600.2912d conflict with the provisions of MCL

600.2301, which allows a court to amend pleadings in furtherance of justice, MCL 600.2912d governs as the more specific statute.

3. The trial court must dismiss the action against Gerrity with prejudice because the period of limitations expired without the filing of a valid affidavit of merit and complaint. A successor personal representative cannot rely on or revive an untimely complaint that was filed before his or her appointment. Therefore, Barry Glisson is bound by Michael Glisson's untimely filed action and does not have an additional two years from the date of his appointment as successor personal representative to pursue an action under the wrongful death saving provision, MCL 600.5852.

Reversed and remanded for the entry of an order of summary disposition in favor of Gerrity with prejudice.

Negligence — Medical Malpractice — Affidavits of Merit — Amendments.

An affidavit of merit that does not refer to a health professional and does not reflect how that health professional breached the applicable standard of care is insufficient to commence a medical malpractice action against that health professional; a trial court may not direct that a plaintiff file an amended affidavit of merit when the original affidavit of merit does not conform to the requirements of the statute (MCL 600.2912d).

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and *Erlich, Rosen & Bartnick, P.C.* (by *J. Martin Bartnick*), for Barry Glisson.

*Tanoury, Corbet, Shaw, Nauts & Essad, P.L.L.C.* (by *William A. Tanoury* and *Anita Comorski*), for Dianne Gerrity.

Before: WHITBECK, C.J., and ZAHRA and DONOFRIO, JJ.

PER CURIAM. This is a wrongful death, medical malpractice action arising out of the death of 18-month-old Scott Glisson on December 9, 2002. Defendant Dianne Gerrity, M.D., appeals by leave granted the trial court's denial of her motion for summary disposition on the basis of its determination that plaintiff Michael Glisson submitted an affidavit of merit in compliance with the requirements of MCL 600.2912d. We reverse.

Between November 21, 2002, and December 7, 2002, several doctors at the Pediatrics and Adolescent Medicine clinic treated Scott Glisson. On November 21, 2002, Daniel Scaff, M.D., examined Scott Glisson, whose symptoms included difficulty in breathing, coughing, a runny nose, and a fever. Dr. Scaff diagnosed acute bronchitis and prescribed antibiotics. On November 22, 2002, Dr. Scaff again examined Scott Glisson because of continued coughing and vomiting. Dr. Scaff prescribed a different antibiotic and again diagnosed bronchitis. On November 30, 2002, Robert Stuart Levy, M.D., examined Scott Glisson and noted that his ears and lungs were clear; Dr. Levy made no additional diagnosis. On Saturday, December 7, 2002, Dianne Gerrity, M.D., evaluated Scott Glisson for frequent vomiting, weight loss, and fever. Dr. Gerrity diagnosed possible pneumonia and recommended that Scott receive a chest x-ray on the following Monday, December 9, 2002. However, in the early morning hours of December 9, 2002, Scott Glisson began choking and stopped breathing. He was pronounced dead at 3:30 a.m. at Henry Ford Wyandotte Hospital.

On February 14, 2003, Michael Glisson was appointed personal representative of the decedent's estate, and he filed a notice of intent to sue, as required by MCL 600.2912b, on November 17, 2003. The notice of intent named only Dr. Levy as treating Scott Glisson on the four occasions he was taken to the clinic. The notice of intent claimed that Dr. Levy breached the applicable standard of care by failing to have a chest x-ray performed immediately on December 7, 2002, when Scott Glisson exhibited symptoms of pneumonia. The notice of intent also indicated that, as a result of the failure to take a chest x-ray, Scott Glisson suffered untreated pneumonia.

On November 26, 2003, Michael Glisson filed an amended notice of intent, directed not only to Dr. Levy

but also to Dr. Scaff, Dr. Gerrity, and Pediatrics and Adolescent Medicine. This amended notice of intent clarified that Dr. Gerrity had been the physician who treated Scott Glisson on December 7, 2002, and that Dr. Gerrity breached the applicable standard of care by failing to have a chest x-ray performed immediately.

Michael Glisson filed a complaint on behalf of the estate on June 2, 2004. In keeping with the amended notice of intent, the complaint alleged that Scott Glisson was treated by Dr. Scaff on November 21 and 22, 2002; by Dr. Levy on November 30, 2002; and by Dr. Gerrity on December 7, 2002. With the complaint, Michael Glisson also filed an affidavit of merit that was signed by board-certified pediatrician William E. Feldman, M.D., on November 26, 2003, and identified Dr. Levy as the pediatrician who treated Scott Glisson on December 7, 2002. Specifically, Dr. Feldman's affidavit of merit stated:

> 3. It is my professional opinion that *Dr. Levy* did not complete a thorough examination of Scott Glisson on 11/21/02 & 11/22/02 as he failed to properly note respirations and pulse rate in his notes for each office visit. Further, in light of a significant 2 lb weight loss due to vomiting, plus, a temperature of several weeks duration, and rhonchi of right lower lobe, *Dr. Levy* failed to obtain a chest x-ray at the time of the office visit on 12/7/02.
>
> 4. That as a result of the departure from the standard of care that Scott Glisson expired on 12/9/02.
>
> 5. I reserve my final opinion based upon further discovery to be conducted in this matter. [Emphasis added.]

As an affirmative defense, Dr. Gerrity asserted that Michael Glisson "failed to file an affidavit of merit which meets the requirements contained in MCL 600.2912d . . . and that [the] action is thus barred[.]" Dr. Gerrity also gave notice that she would be moving for summary disposition on that ground.

In January 2005, the trial court dismissed Dr. Levy,

Robert Levy, M.D., P.C., and Dr. Scaff from the action on the ground that, with regard to those three defendants, the amended notice of intent was insufficient. The record does not indicate that any attorney ever appeared on behalf of Pediatrics and Adolescent Medicine.

On February 24, 2005, Dr. Gerrity moved for summary disposition, arguing that the affidavit of merit failed to comply with the requirements of MCL 600.2912d and that Michael Glisson therefore had not properly commenced his action. More specifically, Dr. Gerrity argued that the affidavit of merit was defective because it made no mention of her and failed to provide the specific information required by MCL 600.2912d(1)(a) to (d); that is, it contained no statement of the applicable standard of care, the alleged breach thereof, the appropriate actions to comply with the standard, or the manner in which the alleged breach caused the injury. Dr. Gerrity argued that because Michael Glisson had not timely cured these defects, the trial court should have dismissed the claims against her with prejudice.

Michael Glisson responded, explaining that Dr. Gerrity was not mentioned in the affidavit of merit because "it was impossible to determine her exact role" in Scott Glisson's care. Michael Glisson pointed out that Dr. Gerrity even admitted at her deposition that he could not have determined from the medical record who treated Scott Glisson on December 7, 2002. Michael Glisson also provided an affidavit of Dr. Feldman in which he explained that when he signed the affidavit of merit, it was unclear who treated Scott Glisson on December 7, 2002, because the medical records did not indicate the identity of the treating physician. Therefore, he was "under the impression that Dr. Levy was the physician who saw Scott Glisson on December 7, 2002." It was not until Dr. Levy was deposed in December 2004 that it became clear that Dr. Gerrity was

actually the treating physician. Dr. Feldman averred that his opinion was nevertheless unchanged that the physician who treated Scott Glisson on December 7, 2002, departed from the applicable standard of care.

Dr. Gerrity replied, pointing out that the complaint filed on June 2, 2004, and the amended notice of intent filed on November 26, 2003, both referred to her. Thus, it was not "impossible" for Dr. Feldman in his initial affidavit of merit, signed on November 26, 2003, to have known about Dr. Gerrity's treatment of Scott.

On May 11, 2005, while Dr. Gerrity's motion was still pending, Barry Glisson was appointed successor personal representative of the estate. On June 14, 2005, after hearing oral arguments on the motion, the trial court concluded that the affidavit of merit was not defective, because it did "contain statements concerning the malpractice of December 7, 2002," and was, thus, sufficient to constitute an affidavit of merit against Dr. Gerrity. The trial court denied Dr. Gerrity's motion and directed the filing of an amended affidavit of merit. Barry Glisson filed the amended affidavit of merit on June 23, 2005. Dr. Gerrity's interlocutory appeal to this Court followed.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Dr. Gerrity argues that the initial affidavit of merit was defective because it did not name her and because it did not contain the requisite statutory statements. MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred by the statute of limitations. Neither party is required to file supportive materials; any documentation that is provided to the court, however, must be admissible

evidence.[1] The plaintiff's well-pleaded factual allegations, affidavits, or other admissible documentary evidence must be accepted as true and construed in the plaintiff's favor, unless contradicted by documentation submitted by the movant.[2] Absent disputed issues of fact, whether a cause of action is barred by a statute of limitations is a question of law that we review de novo.[3] Further, absent any ambiguities, statutes are to be interpreted according to their plain language.[4] The proper interpretation of a statute is a question of law that we review de novo.[5]

### B. AFFIDAVIT OF MERIT

#### (1) THE STATUTORY REQUIREMENTS

To properly commence a medical malpractice action, the plaintiff must submit an affidavit of merit.[6] The statute governing affidavits of merit, MCL 600.2912d(1), provides that the affidavit of merit shall contain a statement of each of the following:

(a) The applicable standard of practice or care.

(b) The health professional's opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.

---

[1] *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

[2] MCR 2.116(G)(5); *Maiden, supra* at 119; *Gortney v Norfolk & W R Co,* 216 Mich App 535, 538-539; 549 NW2d 612 (1996).

[3] *Colbert v Conybeare Law Office*, 239 Mich App 608, 613-614; 609 NW2d 208 (2000).

[4] MCL 8.3a; *Bio-Magnetic Resonance, Inc v Dep't of Public Health*, 234 Mich App 225, 229-230; 593 NW2d 641 (1999); *Nicholas v Michigan State Employees Retirement Bd*, 144 Mich App 70, 74; 372 NW2d 685 (1985).

[5] *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 631; 563 NW2d 683 (1997).

[6] MCL 600.2912d(1).

(c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.

(d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.[7]

In *Scarsella II*, the Michigan Supreme Court held that " 'the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit.' "[8] Thus, the period of limitations will not be tolled if a plaintiff fails to file an affidavit of merit with the complaint.[9] The *Scarsella II* Court was careful to limit its holding, stating that it did "not extend to a situation in which a court subsequently determines that a timely filed affidavit is inadequate or defective";[10] that is, the Court left for another day the resolution of "[w]hether a timely filed affidavit that is grossly nonconforming to the statute tolls the statute . . . ."[11] Later, this Court answered that question and held that a timely filed affidavit of merit that is grossly nonconforming to the requirements of MCL 600.2912d(1) does not constitute an effective affidavit of merit and does not toll the period of limitations.[12] In *Geralds v Munson Healthcare*, this Court clarified that any affidavit of merit that is defective, whether it is "grossly nonconforming" or not, does not constitute an effective affidavit of merit for the purposes of MCL 600.2912d(1) and

---

[7] See also MCR 2.112(L).

[8] *Scarsella v Pollak*, 461 Mich 547, 549; 607 NW2d 711 (2000) (*Scarsella II*), quoting *Scarsella v Pollak*, 232 Mich App 61, 64; 591 NW2d 257 (1998) (*Scarsella I*).

[9] *Scarsella II, supra* at 550, 553; *Scarsella I, supra* at 64.

[10] *Scarsella II, supra* at 553.

[11] *Id.* 553 n 7.

[12] *Mouradian v Goldberg*, 256 Mich App 566, 573-574; 664 NW2d 805 (2003).

therefore is not sufficient to commence a medical malpractice action.[13] The *Geralds* holding "effectively razed" "[a]ny wall between nonconforming affidavits and grossly nonconforming affidavits . . . ."[14]

As mentioned, Michael Glisson filed an affidavit of merit with his complaint. We are therefore called upon to examine whether the affidavit of merit was nonconforming, such that dismissal of this action is warranted.

### (2) IDENTIFICATION OF TREATING PHYSICIAN

MCL 600.2912d(1)(b) provides that the affiant must state how "the health professional" breached the standard of care. Dr. Gerrity first argues that the initial affidavit of merit was defective because it did not name her, but named only Dr. Levy. Dr. Feldman, however, attested that he did not learn that Dr. Gerrity had treated Scott Glisson until he read deposition testimony taken in December 22, 2004, more than a year after he signed the affidavit of merit. Further, Barry Glisson asserts that Dr. Gerrity herself indicated that no one reading the medical chart, except for clinic personnel and the transcriptionist, would have known that she had treated Scott Glisson.

In *Mouradian*, this Court affirmed the dismissal of a medical malpractice action when the affidavit of merit failed to refer to a defendant doctor in conjunction with surgery. The plaintiffs in *Mouradian* complained that one of the defendant doctors, Dr. Goldberg, committed malpractice during a surgery that he had performed on

---

[13] *Geralds v Munson Healthcare*, 259 Mich App 225, 240; 673 NW2d 792 (2003).

[14] *Kirkaldy v Rim (On Remand)*, 266 Mich App 626, 635; 702 NW2d 686 (2005).

one of the plaintiff's eyes.[15] The affidavit of merit,
however, did not reflect that Dr. Goldberg, as opposed to
the other defendants, had breached any standard of
care with regard to that surgery.[16] This Court ruled:

> We conclude that because the affidavit does not con-
> tain the requisite statements concerning claims of Dr.
> Goldberg's alleged malpractice in the second surgery,
> plaintiffs' affidavit is "grossly nonconforming" with re-
> spect to this claim. We further find that because the
> affidavit is "grossly nonconforming" to the requirements
> of the statute, the statements of Dr. Siegel [the affiant]
> are insufficient to constitute an affidavit of merit within
> the meaning of the statute with respect to the claims
> against defendants for the second surgery. Thus, as a
> matter of law, plaintiffs' complaint against defendants
> for the second surgery was not commenced because of
> their failure to file an affidavit of merit before the period
> of limitations expired on December 11, 2000, and sum-
> mary disposition is appropriate.[17]

Similarly, in the present action, the affidavit of merit
failed to refer to Dr. Gerrity and did not reflect that she
had breached any standard of care with regard to Scott
Glisson's treatment. Instead, the affidavit of merit
referred only to Dr. Levy in connection with Scott
Glisson's treatment. As in *Mouradian*, because the
affidavit of merit did not contain the requisite state-
ments concerning claims of Dr. Gerrity's alleged mal-
practice, the affidavit was nonconforming with respect
to the claims against her. Further, because the affidavit
did not conform to the requirements of the statute, Dr.
Feldman's statements were insufficient to constitute an
affidavit of merit within the meaning of the statute.

---

[15] *Mouradian, supra* at 567-568.

[16] *Id.* at 573.

[17] *Id.* at 574.

Thus, as a matter of law, the action against Dr. Gerrity was not properly commenced, and summary disposition was therefore appropriate.

Additionally, we note that Dr. Feldman's claimed ignorance regarding Dr. Gerrity's involvement in Scott Glisson's care lacks credibility given that the second notice of intent, which was filed on the same date that Dr. Feldman signed his affidavit, identified Dr. Gerrity as the doctor who treated Scott Glisson on December 7, 2002. MCL 600.2912d(1) states that "[t]he affidavit of merit *shall certify that the health professional has reviewed the notice* and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice . . . ." (Emphasis added.) If Dr. Feldman had reviewed the notice of intent, as he was purportedly certifying he had done by his submission of the affidavit of merit, he clearly would have been put on notice of Dr. Gerrity's involvement in Scott Glisson's care.

### III. AMENDMENT OF AFFIDAVIT OF MERIT

Relying on MCL 600.2301, which allows a court "to amend any process, pleading or proceeding . . . , either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment" is rendered, Barry Glisson argues that the trial court properly exercised its discretion in directing that an amended affidavit of merit be filed.

In *Scarsella II*, the Michigan Supreme Court held that the later filing of an affidavit of merit cannot relate back[18] to make the complaint timely.[19] The Court rea-

---

[18] See MCR 2.118(D).

[19] *Scarsella II, supra* at 550; *Scarsella I, supra* at 65; see also *Mouradian, supra* at 575.

soned that to allow such a practice of amendment by supplementing the complaint with the affidavit of merit at some later date would contravene the statutory requirements.[20]

Further, to the extent that the requirements of MCL 600.2912d conflict with the provisions of MCL 600.2301, we conclude that the requirements of MCL 600.2912d govern. MCL 600.2301 is a statute that applies generally to claims filed in Michigan. By contrast, MCL 600.2912d applies specifically to medical malpractice lawsuits. If two statutes are deemed to be in conflict with each other, the statute that is more specific to the subject matter prevails over the more general statute.[21] Therefore, we conclude that the trial court erred in directing the filing of an amended affidavit of merit.

### IV. DISMISSAL: WITH OR WITHOUT PREJUDICE?

#### A. NONCOMPLIANCE WITH THE AFFIDAVIT-OF-MERIT REQUIREMENTS

Dr. Gerrity argues that dismissal *with* prejudice is the appropriate remedy in this matter because the period of limitations[22] and the wrongful death saving provision[23] both expired without a valid affidavit of merit having been filed. Barry Glisson argues that dismissal *without* prejudice is the appropriate remedy for noncompliance with the affidavit-of-merit requirements of MCL 600.2912d.[24]

---

[20] *Scarsella II, supra* at 550; *Young v Sellers*, 254 Mich App 447, 451; 657 NW2d 555 (2002); *Scarsella I, supra* at 65.

[21] *Craig v Detroit Pub Schools Chief Executive Officer*, 265 Mich App 572, 575; 697 NW2d 529 (2005), citing *Livonia Hotel, LLC v Livonia*, 259 Mich App 116, 131; 673 NW2d 763 (2003).

[22] MCL 600.5805(6).

[23] MCL 600.5852.

[24] *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 47; 594 NW2d 455 (1999).

Dismissal without prejudice is appropriate when a plaintiff fails to comply with the affidavit-of-merit requirements and the limitations period has not yet expired.[25] In that instance, the plaintiff is still left with time to refile the complaint together with a proper affidavit of merit.[26] "If the claim is time-barred, however, the complaint should be dismissed with prejudice."[27] After the period of limitations runs, a plaintiff is no longer in a position to correct the error by filing a new affidavit of merit and complaint. Thus, the only practical remedy is dismissal with prejudice.

Michael Glisson failed to include the requisite statements concerning Dr. Gerrity's alleged malpractice, and the affidavit was nonconforming with respect to the claims against her. Absent a proper affidavit of merit, Michael Glisson's filing of his complaint on June 2, 2004, did not toll the period of limitations.[28] And Michael Glisson failed to cure this defect by filing a valid affidavit of merit before the period of limitations expired on December 7, 2004,[29] or before his two-year saving period as personal representative expired on February 14, 2005.[30] Therefore, because the period of limitations expired without the filing of a valid affidavit of merit and complaint, dismissal with prejudice was appropriate.[31]

---

[25] *Kirkaldy, supra* at 629; *Holmes v Michigan Capital Med Ctr,* 242 Mich App 703, 706; 620 NW2d 319 (2000).

[26] *Holmes, supra* at 706.

[27] *Id.* at 706-707; see also *Scarsella II, supra* at 549-552; *Kirkaldy, supra* at 629; *Young, supra* at 451-452; *Scarsella I, supra* at 63-65.

[28] See *Geralds, supra* at 239-240; *Mouradian, supra* at 572-573.

[29] See MCL 600.5805(6); MCL 600.5838a(1).

[30] See MCL 600.5852.

[31] See *Holmes, supra* at 706-707.

B. AMENDMENT OF UNTIMELY COMPLAINT BY
SUCCESSOR PERSONAL REPRESENTATIVE

Despite Michael Glisson's untimely complaint, Barry Glisson argues that dismissal without prejudice is nevertheless appropriate because, under the wrongful death saving provision[32] as interpreted by *Eggleston v Bio-Medical Applications of Detroit, Inc*,[33] he is allowed an additional two years, measured from May 11, 2005, the date of his appointment as successor personal representative, to pursue a cause of action on behalf of the estate. We disagree.

Michael Glisson was appointed personal representative of the estate on February 14, 2003, and he filed a complaint on behalf of the estate on June 2, 2004. Barry Glisson was appointed successor personal representative of the estate on May 11, 2005. Following the trial court's denial of Dr. Gerrity's motion for summary disposition, Michael Glisson moved to amend the complaint to reflect Barry Glisson's appointment. The trial court granted the motion, and Barry Glisson filed an amended complaint on August 9, 2005.

By filing the amended complaint naming him as the successor personal representative, Barry Glisson was essentially trying to revive a previously filed untimely action. However, a successor personal representative cannot rely on or revive an untimely complaint that was filed before his or her appointment because there would

---

[32] MCL 600.5852 provides that "an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run."

[33] *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 33; 658 NW2d 139 (2003) ("The statute does not provide that the two-year period is measured from the date letters of authority are issued to the initial personal representative.").

be no benefit to ratifying the untimely action.[34] The mere appointment of a successor personal representative does not transform the previously filed untimely action into a timely one.[35] Therefore, in the present action, Barry Glisson is bound by Michael Glisson's untimely filed action, and dismissal with prejudice remains the appropriate remedy.[36]

## V. CONCLUSION

We conclude that the affidavit of merit did not conform to the statutory requirements and that the trial court erred in allowing Michael Glisson to file an amended affidavit of merit. We further conclude that, because the affidavit of merit was defective, the period of limitations and Michael Glisson's saving period expired, thereby time-barring the action. Further, because Michael Glisson brought an untimely action against Dr. Gerrity as a result of filing a defective affidavit of merit, dismissal with prejudice is appropriate, and Barry Glisson is precluded from reviving the untimely action.

We reverse and remand for the entry of an order granting summary disposition in Dr. Gerrity's favor with prejudice. We do not retain jurisdiction.

---

[34] MCL 700.3701; *McMiddleton v Bolling*, 267 Mich App 667, 671-674; 705 NW2d 720 (2005).

[35] *Mullins v St Joseph Mercy Hosp*, 269 Mich App 586, 591; 711 NW2d 448 (2006), vacated in part on other grounds, 269 Mich App 801 (2006).

[36] On June 10, 2005, after his appointment, Barry Glisson also commenced a new and separate action (*Glisson v Gerrity*, Wayne Circuit Court Docket No. 05-517252-NH), the complaint for which was identical to Michael Glisson's complaint. But the validity of that complaint is not at issue in this appeal.